# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**

    **Plaintiff,**

    v.                                                                         **Case No. 14-CV-3**

**EDWARD F. WALL,**
**JANE DOE, and JOHN DOE,**

    **Defendants.**

## DECISION AND ORDER

On June 27, 2014, plaintiff filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c) based on defendant Wall's answer to the complaint. He asserts that the answer contains intentional and arbitrary false denials. However, plaintiff did not serve the motion on defendant Wall twenty-one days before filing the motion with the court as Rule 11 requires. See Fed. R. Civ. P. 11(c)(2). Moreover, defendant Wall filed an "appropriately corrected" amended answer on July 24, 2014, to eliminate some of the lack of knowledge responses in the original answer.[1] For these reasons, I will deny plaintiff's motion for sanctions.

On July 21, 2014, plaintiff filed a motion for default judgment because defendant Wall did not file an answer to his May 13, 2014 amended complaint. However, I have not screened the proposed amended complaint and defendant Wall is not required to answer the amended complaint until the court screens it. See 28 U.S.C. § 1915A. In any event,

---

[1] I also note that this order grants plaintiff's motion for leave to file a second amended complaint, so the answer(s) to the original complaint will no longer be controlling.

as indicated, plaintiff's motion to file a second amended complaint is before the court. Thus, the motion for default judgment will be denied.

On July 24, 2014, defendant Wall filed a motion for leave to file amended answer. However, I will deny the motion as moot because plaintiff has filed a motion to amend the complaint along with a proposed second amended complaint, addressed herein.

On August 20, 2014, plaintiff filed a motion for leave to file a second amended complaint along with a proposed second amended complaint. The pleading identifies the Doe defendants (Mary Martin and L. Reimer) and names three new defendants whom plaintiff has learned were involved in the alleged constitutional violation (Larry J. Jenkins, Rick Raemisch, Carol Briones). The second amended complaint also adds the Wisconsin Department of Corrections as a defendant, however, as stated in the court's orders of April 22, 2014, and June 21, 2014, plaintiff may not proceed against that entity.

I will grant plaintiff's motion to file a second amended complaint. See Fed. R. Civ. P. 15(a). As set forth in the order screening the original complaint, plaintiff may proceed on a claim under the Eighth Amendment based on the allegations that he was incarcerated longer than he should have been. The second amended complaint is the operative complaint in this action.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for sanctions (Docket # 19) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (Docket # 24) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Wall's motion for leave to file amended answer (Docket # 28) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend complaint (Docket # 33) is **GRANTED**. The second amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that defendant Wisconsin Department of Corrections is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the new defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the second amended complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge