UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,

    Plaintiff,

v.                                                                         Case No. 14-CV-3

EDWARD F. WALL, et al.,

    Defendants.

## ORDER

This matter is before the court on plaintiff's motions to dismiss defendants' motion for summary judgment and for an order staying the case until the court decides plaintiff's motion to dismiss. For the reasons explained below, the court will deny plaintiff's motion to dismiss and will deny plaintiff's motion to stay the case. As requested, the court will allow plaintiff to file a combined response to defendants' motion for summary judgment and reply in support of his own motion for summary judgment. Plaintiff must file this combined response/reply by **Friday, July 10, 2015.**

On May 20, 2015, plaintiff filed a motion for summary judgment. On June 3, 2015, defendants filed a combined motion for summary judgment and response in opposition to plaintiff's motion for summary judgment. Pursuant to Civil Local Rule 56(2)-(3), a party must file its response materials in opposition to a motion for summary judgment within thirty days of service of the motion, and a party may file a reply in support of its own motion within fourteen days of service of an opposing party's materials. (E.D. Wis.) Accordingly, plaintiff's response to defendants' motion would be due Monday, July 6, 2015 (to account

for the court holiday on July 3, 2015), and his reply in support of his own motion was due on Wednesday, June 17, 2015.

However, instead of complying with Civil Local Rule 56, plaintiff, on June 16, 2015, filed a motion to dismiss defendants' motion for summary judgment. There is no provision in the rules for such a motion; the available method of opposing a motion for summary judgment is to respond to that motion as set forth in Federal Rule of Civil Procedure 56 and Civil Local Rule 56. Initially, the court had intended to construe plaintiff's motion to dismiss as his response to defendants' motion; however, on June 23, 2015, plaintiff filed another motion seeking to stay the proceedings until the court decided his motion to dismiss and requesting that the court allow him to file a combined response to defendants' motion and reply in support of his own motion.

The latter request indicates to the court that plaintiff has arguments he would like to make in addition to those set forth in his "motion to dismiss." As such, the court will dismiss plaintiff's motion to dismiss (Docket #63) and the supplement to that motion (Docket #66). The court will allow plaintiff to file a combined response to defendants' motion for summary judgment and reply in support of his own motion for summary judgment by **July 10, 2015.** In this combined filing, plaintiff may include the arguments set forth in his "motion to dismiss" as well as any other arguments he has in opposition to defendants' motion and in support of his own. There is no reason to further delay this case, so plaintiff's request for a stay is denied.

2

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Docket #63) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request to stay the proceedings (Docket #67) is **DENIED**.

**IT IS ALSO ORDERED** that plaintiff may file a combined response to defendants' motion for summary judgment and reply in support of his own motion for summary judgment by **July 10, 2015**. Plaintiff is advised that his combined filing must comply with the requirements of Civil Local Rule 56, which is included with this order for plaintiff's convenience.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2015.

    s/Lynn Adelman
    LYNN ADELMAN
    District Judge

**Civil L. R. 56. Summary Judgment.**
**(a) Pro Se Litigation.**
 **(1)** If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
  **(A)** The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.
  **(B)** In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.
  **(2)** This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.
**(b) Additional Summary Judgment Procedures.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:
 **(1) Moving Party's Principal Materials in Support of Motion**. With each motion for summary judgment, the moving party must file:
  **(A)** a memorandum of law;
  **(B)** a statement setting forth any material facts to which all parties have stipulated;
  **(C)** a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;
   (i) the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;
   (ii) a moving party may not file more than 150 separately numbered statements of fact;
   (iii) failure to submit such a statement constitutes grounds for denial of the motion; and
  **(D)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).
 **(2) Opposing Party's Materials in Opposition**. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:
  **(A)** a memorandum of law;
  **(B)** a concise response to the moving party's statement of facts that must

4

Case 2:14-cv-00003-LA   Filed 06/29/15   Page 4 of 5   Document 68

contain:

 **(i)** a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

 **(ii)** a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts; and

 **(C)** any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

**(3) Moving Party's Materials in Reply.** A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

 **(A)** a reply memorandum;

 **(B)** a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

 **(C)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c) submitted in reply.

**(4) Effect of Uncontroverted Statements of Fact.** The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

**(5) Stipulated Facts.** Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

**(6) Citations to Facts in Memoranda.** Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

**(7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact.** A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

**(8) Length of Memoranda.**

 **(A)** A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).

 **(B)** No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.

**(9) Collateral Motions.** Collateral motions, such as motions to strike, are disfavored.