# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,

      Plaintiff,

v.                                                       Case No. 14-CV-3

EDWARD F. WALL, et al.,

      Defendants.

## ORDER

This matter is before the court on plaintiff's motion for default judgment against defendant Edward F. Wall. Plaintiff argues that default judgment should be entered against Wall because the Wisconsin Department of Justice failed to include Wall's name on an Amended Notice of Appearance. Plaintiff's motion is denied.

On April 22, 2014, I allowed plaintiff to proceed on an Eighth Amendment claim against Wall and John Doe defendants. On April 29, 2014, Assistant Attorney General John Glinski filed an acceptance of service and notice of appearance on behalf of Wall. Wall answered plaintiff's original complaint on June 23, 2014.

On October 2, 2014, I allowed plaintiff to amend his complaint to add additional defendants. On October 14, 2014 AAG Glinski filed an amended notice of appearance and an amended acceptance of service. Although AAG Glinski inadvertently omitted Wall's name from the amended notice of appearance, the amended acceptance of service clearly indicates that the "[Wisconsin] Department of Justice accepts service on behalf of Edward Wall . . . ." Defendants, including Wall, answered plaintiff's amended complaint on November 26, 2014. The answer lists Wall as one of the answering defendants.

Plaintiff argues that he is entitled to default judgment against Wall because Wall was not listed in the amended notice of appearance. As such, plaintiff argues that AAG Glinski did not represent Wall and therefore could not file an answer on his behalf.

Plaintiff misunderstands the legal significance of a notice of appearance. Neither the Federal Rules of Civil Procedure nor the Local Rule for the Eastern District of Wisconsin require an attorney to file such a notice. The notice is a courtesy to the Court and the opposing party to notify them of who will be appearing on the party's behalf and upon whom all papers, pleadings, correspondence and other documents associated with the action should be served. The notice has no bearing on whether a particular individual is actually represented by the attorney–that relationship is governed by agreements between the attorney and the individual. In other words, failure to include an individual's name on a notice of appearance will not negate an agreement that an individual has with an attorney regarding representation.

Here, the Wisconsin Department of Justice's representation of defendant Wall is demonstrated by its acceptance of service and timely answer to plaintiff's complaint on defendant Wall's behalf. The inadvertent omission of Wall from the amended notice of appearance is legally meaningless. Because Wall and his attorneys have complied with the requirements imposed by the Federal and Local Rules of Civil Procedure, I will deny plaintiff's motion.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's motion for default judgment as to defendant Edward Wall (Docket #64) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2015.

                                                                  s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge