# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,

      Plaintiff,

  v.                                                                          Case No. 14-CV-3

EDWARD F. WALL, et al.,

      Defendants.

## DECISION AND ORDER

The pro se plaintiff, Tony D. Walker, is currently incarcerated at Green Bay Correctional Institution. He filed this lawsuit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis on his claims that the defendants unlawfully detained him 382 days past his scheduled release date because they failed to apply jail credit from one of his concurrent sentences to the other. The parties have filed cross-motions for summary judgment. For the reasons explained in this order, I deny plaintiff's motion, grant defendants' motion, and dismiss this case.

## I. FACTS

A. Parties and Claims

Plaintiff Tony D. Walker is a Wisconsin Department of Corrections (DOC) inmate who was confined at the Kettle Moraine Correctional Institution (KMCI) during the time relevant to his claims. The defendants are all current or former employees of the DOC: Edward Wall, is the current DOC secretary; Rick Raemisch is the former DOC secretary; Larry Jenkins was the KMCI warden from December 26, 2004, through January 19, 2008; Carol Briones is a former DOC offender status consultant and central records

administrator; Mary Martin is a former KMCI offender records supervisor; and Linda Reimer formerly worked in the KMCI records office.

Plaintiff claims that defendants violated the Eighth Amendment by unlawfully detaining him when they refused to apply jail credit from his sentence from a 1990 conviction to his concurrent sentence from a 1993 conviction.

B. Plaintiff's Criminal Sentences

On October 27, 1993, plaintiff was sentenced in State v. Walker, Milwaukee County case F-932286, for crimes committed on June 4, 1993, and June 16, 1993. Plaintiff was sentenced to prison for ten years on one count and four years on the other count. The judge granted plaintiff 145 days of sentence credit pursuant to Wis. Stat. § 973.155 and ordered the sentences to run concurrently.

On December 3, 1993, plaintiff was sentenced after probation revocation in State v. Walker, Milwaukee County case F-891678, for a crime committed on June 1, 1989. Plaintiff was convicted of the crime on March 5, 1990, but he had been given a withheld sentence with probation ordered. When plaintiff was sentenced on December 3, 1993, he was sentenced to prison for four years. The judge granted plaintiff 177 days of sentence credit pursuant to Wis. Stat. § 973.155 and ordered the sentence to run concurrent with his other sentences.

On September 30, 1994, the judge amended plaintiff's presentence credit for F-891678 from 177 days to 382 days. The judge found plaintiff was entitled to additional credit for time served from March 11, 1991 through August 1, 1991.

On March 15, 1995, plaintiff filed a request to apply the 382-day presentence credit he received in F-891678 to F-932286 because the judge in F-891678 had ordered the

sentences to run concurrently. On March 22, 1995, Judge McMahon denied plaintiff's request, explaining that plaintiff's . . .

> . . . concurrent sentence theory is not applicable in this case because he was arrested in this case on June 16, 1993. He is entitled to receive sentence credit pursuant to 973.155, Wis. Stat., for the time spent in custody *in connection with the course of conduct for which the sentence was imposed*. Walker has received all credit for which he spent in custody in F-932286. Although some of the 382 days may encompass part of the same time period for which he received credit in both cases, he is not entitled to receive further credit in F-932286.

(Docket #57, Exhibit 1021, p. 1) (emphasis in original).

C. Plaintiff's Complaints at KMCI

After several revoked supervision periods, plaintiff was transferred to KMCI on June 28, 2007. In October 2007, plaintiff began to send letters to Martin, complaining that he was being held illegally past his release date. In response, Martin interviewed plaintiff and reviewed his records. Martin concluded that plaintiff's sentence computation was correct based on the sentence credit listed on his judgments of conviction. She informed plaintiff that he was entitled to only 145 days of sentence credit on F-932286 because that was the number of days he could have spent in jail in connection with the course of conduct relevant to that conviction. In addition, Martin informed plaintiff that the DOC paperwork does not allow her to give him additional credit, so if he believed the stated sentence credit was incorrect, he would need to petition the sentencing judge in F-932286 for additional time.

On October 19, 2007, Martin received another letter from plaintiff complaining that the sentence credit from F-891678 had not been applied to F-932286. That same day,

3

Martin emailed Briones a copy of plaintiff's letter and key documents from his legal file. Her email stated:

> Carol, I have interviewed this inmate and I truly believe he has received all the credit he is entitled to receive, but he keeps writing and now is threatening to file a John Doe complaint because he thinks we are committing a crime in holding him illegally. He's serving to MAX, so even though he's revoked, any additional credit would affect his release date (which he believes is past anyway).
>
> He thinks he should receive the same amt of credit in 93CF2286 as he rec'd in CC F-891678 (a VOP case) based on State v. Ward & State v. Reek. The date of offense in 93CF2286 was 6-4-93, he was released on bond 6-16-93 and committed homicide the same day, was arrested on 6-16-93 and sentenced on 10-27-93. He rec'd 145 days of credit, which is exactly the amt of time from 6-4-93 to 10-27-93. I explained that CC doesn't mean retroactive and that it appears that he rec'd all credit for the "course of conduct" he was detained for in 93CF2286.
>
> He was later sentenced in the VOP case and rec'd a CC sentence with 382 days of credit, a lot of which was for custody in 1991 – before the offense dates of 93CF2286.
>
> Is there a case law that I am missing that does allow credit in this situation? He cites State v. Yannick as saying credit does not have to be for the "course of conduct" in CC cases like his. I did tell him that our paperwork does not allow us to give him credit – that he would have to petition the sentencing judge in 93CF2286. I'm attaching his file info. Page 2 of his letter is kind of light, so let me know if you need me to interpret it (he sent a copy instead of an original). Are we okay or should I do something further? Thanks for your help.

(Docket #59, Exhibit 1016, p. 1.)

On October 23, 2007, the Office of the Secretary received a letter from plaintiff dated October 18, 2007, which was directed to former DOC Secretary Raemisch. In the letter, plaintiff complained that he was being illegally confined past his proper release date

as a result of the sentence credit from F-891678 not being applied to F-932286. Raemisch forwarded the letter to KMCI Warden Jenkins for a response.

Prior to responding to plaintiff's letter, Jenkins asked Martin to look into the issue to determine whether plaintiff's claim had any merit. On October 26, 2007, Martin sent Briones a follow-up email, which stated, "Carol, now I have some controlled correspondence to answer on this. Larry Jenkins needs a reply to John Bett by 11-13-2007. Just wondering what you thought about this. I know what I think, but I need your insight. Thanks." (Docket #59, Exhibit 1016, p. 1.)

On October 29, 2007, Briones replied to Martin with the following:

> I agree with your analysis Mary. Yanick's situation was a different set of facts. Yanick was serving a prison sentence and a CC probation (which had a jail term as condition of probation). Upon revocation of the probation, the court determined that offender should receive credit for the condition time (even though served in prison). In Walker's situation, he had served the condition time before he committed the offense for which he is seeking credit on. It's not the same situation as Yanick.

(Docket #59, Exhibit 1016, p. 1.)

Martin informed Jenkins that both she and Briones had determined that plaintiff had received all the credit he was entitled to. Based on the information Martin provided to Jenkins, he wrote the following response to plaintiff:

> Your letter to DOC Secretary Rick Raemisch regarding your sentence computation has been referred to me for response. You request that the Department of Corrections (DOC) apply jail credit to Case No. 93CF2286 that had been ordered in revoked probation Case No. F-891678 because the cases are concurrent.
> It is my understanding that KMCI Records Supervisor Mary Martin has spoken to you about this issue. She later contacted the DOC Records Administrator, Carol Briones, for her input. After carefully reviewing your file they have both determined you have received all the credit due in Case No. 93CF2286.

5

> You are correct in that the Court of Appeals has ruled in some cases jail credit is to be applied in concurrent cases even if the custody was not for the same course of conduct. However, one must be careful not to make a generalization and apply it overall. For example, you cited State v. Yanick as applying to your situation. Defendant Yanick was serving a prison sentence and a concurrent probation term with jail credit as a condition of that probation. Upon revocation of the probation, the court determined he should receive credit on the probation case for the condition time even though it was served while he was incarcerated for a completely unrelated prison sentence. Your case is not the same because you served the probation condition time and holds in F-891678 before you even committed the offense in 93CF2286.
>
> The offense dates in 93CF2286 were June 4, 1993 and June 16, 1993. You informed Ms. Martin that you were arrested on June 4, released on bail on June 16 and arrested the same day due to the commission of the second offense. You were sentenced to prison on October 27, 1993. The court ordered 145 days of presentence credit, which is exactly the length of time between June 4 and October 27, 1993. The DOC has determined you have received the correct amount of jail credit in 93CF2286.
>
> I trust this addresses your concerns.

(Docket #58, Exhibit 1020.)

On December 10, 2007, Judge McMahon issued the following order regarding plaintiff's presentence credit:

> On December 4, 2007, [Walker] filed a pro se petition for presentence credit. He believes that the 382 days of credit that were granted in case F-891678 should be applied in [action 93cf2286]. The defendant raised this very issue in a motion for additional sentence credit filed on March 15, 1995. The Court denied the motion by written decision and order dated March 22, 1995. For the reasons set forth in the court's March 22, 2005 decision, the defendant is not entitled to the 382 days of credit in the other case.
>
> In reviewing this matter, the court has observed that the defendant was given more credit than he was entitled to on count one. The defendant was in presentence custody in connection with 93CF932296 [sic] for the period of June 16, 1993 (date of arrest) to October 27, 1993 (date of sentencing). This period amounts to 133

6

> days and not 145 days as originally ordered. The judgement of conviction shall be amended accordingly. . . .

(Docket #59, Exhibits 1013 and 1014.)

Plaintiff was release from prison on February 26, 2008, per Wis. Stat. § 302.11(6). He reached his discharge in F-932286 on March 12, 2008.

## II. THE RELEVANT LAW

A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be disputed, or is genuinely disputed, must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence,

7

and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

The fact that both parties have moved for summary judgment, and thus both parties simultaneously argue that there is no genuine issue of fact, does not establish that a trial is unnecessary or empower a court to enter judgment as it sees fit. See 10A Charles Alan Wright et al. § 2720 at 327-28 (3d ed. 1998). A court may grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law on the basis of the material facts not in dispute. The proper procedure is to assess the merits of each summary judgment motion independently. Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. Importantly, the fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on the other motion.

B. Wisconsin Sentence Credit Statute

Wisconsin Statute § 973.155(1)(a) states, "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed."

Wisconsin Statute § 973.155(2) requires the judge imposing a sentence to enter a specific finding of the number of days of sentence credit that should be granted and to include that finding in the judgment of conviction. If an inmate complains to DOC staff that the sentencing judge did not grant him all the sentence credit he is entitled to, staff will generally direct the inmate to petition the sentencing judge for additional sentence credit.

8

Section 973.155(6) allows a defendant aggrieved by a court's sentence credit determination to appeal the court order.

C. <u>Deliberate Indifference</u>

Holding a prisoner beyond the termination of his sentence violates the Eighth Amendment's prescription against cruel and unusual punishment. See <u>Campbell v. Peters</u>, 256 F.3d 695, 700 (7th Cir. 2001). However, courts have recognized "that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated." <u>Id.</u> (citing <u>Moore v. Tartler</u>, 986 F.2d 682, 686 (3d Cir. 1993) (other citations omitted). Generally, to establish

> . . . liability for incarceration without penological justification, a plaintiff must demonstrate three elements. First, a plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must show a causal connection between the official's response to the problem and the unjustified detention."

<u>Moore</u>, 986 F.2d at 686.

Demonstrating that an official acted with deliberate indifference poses a "high hurdle on plaintiffs because it requires a 'showing as something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" <u>Rosario v. Brawn</u>, 670 F.3d 816, 821 (7th Cir. 2012) (quoting <u>Collins v. Seeman</u>, 462 F.3d 757, 762 (7th Cir. 2006). In other words, officials may escape liability even if they did not take perfect action. <u>Rosario</u>, 670 F.3d at 821-22.

9

In addition, it should be noted that "[p]ublic officials do not have a free-floating obligation to put things to rights . . . ." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." Id. Therefore, it is expected that supervisors and employees will relegate assignment to the officials tasked to handle them. See id.

### III. DISCUSSION

On two separate occasions, the sentencing judge in F-932286 denied plaintiff's petition to apply the sentencing credit granted in F-891678 to F-932286. Plaintiff's lawsuit in all likelihood ends there because all of the defendants are employees of the DOC and none of them had the authority to amend a sentencing order issued by a Wisconsin court. See e.g. Shaw v. Germain, 496 Fed.Appx. 646, 649 (7th Cir. 2012); Wis. Stat. § 937.155. As stated in Wisconsin Statute § 973.155(6), plaintiff should have appealed the sentencing judge's order to the state appellate court, not to the DOC. ("A defendant aggrieved by a determination by a court under this section may appeal in accordance with s. 809.30.").

However, even if I assume for the sake of argument that defendants could have amended plaintiff's sentencing order, defendants have shown that they were not deliberately indifferent because they went well beyond their responsibilities to verify whether plaintiff was at risk of being incarcerated beyond the term of his sentence.

Martin, the KMCI offender records supervisor, whose job it was, in part, to conduct sentence computations, interviewed plaintiff, researched his file, consulted with a co-worker regarding her analysis, and advised plaintiff to petition the sentencing judge for additional credit time.

10

Briones, the co-worker with whom Martin consulted, whose job it was, in part, to provide technical assistance in matters dealing with sentence computations, also reviewed plaintiff's file and analyzed the legal opinions cited to by plaintiff before agreeing with Martin's analysis.

Jenkins, the KMCI warden at the time, responded to a letter from plaintiff on Raemisch's behalf with a detailed and thoughtful analysis of the issues. Before responding, Jenkins sought input from Martin because Martin was the person tasked at KMCI with handling issues of this nature.

The timely and responsive actions of Martin, Briones, and Jenkins defeat any argument by plaintiff that they were deliberately indifferent.

Finally, Wall, Raemisch, and Reimer also cannot be said to have been deliberately indifferent because they lacked the requisite personal involvement. Wall did not become secretary of the DOC until several years after the events of this lawsuit, and Raemisch and Reimer, who were not responsible for conducting prisoners' sentence computations did what they could by forwarding plaintiff's concerns to officials tasked with handling such issues.[1] As the Seventh Circuit has noted, prisoners are not entitled to insist that one employee do another employee's job. Burks, 555 F.3d at 595.

In short, based on the undisputed facts, there is no evidence that defendants were deliberately indifferent to plaintiff's concern that he was being held beyond his release

---

[1] Reimer does not recall being contacted by plaintiff, but he insists he did contact her. Reimer states that sentence computation was not one of her duties, so if plaintiff had contacted her about that, she would have referred him to the appropriate person (i.e., Martin) to address his concerns. As stated above, Martin timely and thoroughly responded to plaintiff's complaints.

11

date. Whether defendants actually "got it right" is beside the point—all that matters is that they diligently tried to. Plaintiff's claims must be dismissed.

### IV. PLAINTIFF'S MOTION FOR SANCTIONS

On August 4, 2015, plaintiff filed a motion for sanctions, which appears to be in large part a sur-reply in support of his motion for summary judgment. Plaintiff complains about the merit of defendants' arguments and the applicability of the authority they cite to in support of those arguments. These are inadequate bases for seeking sanctions. Plaintiff also complains that defendants' counsel are violating Wisconsin statutes by representing former employees of the State. The Department of Justice may represent former employees against claims made in connection with actions performed while a person was employed by the State. I deny plaintiff's motion.

### ORDER

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (Docket #48) is **DENIED**.

**IT IS ALSO ORDERED** that defendants' motion for summary judgment (Docket #53) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket #80) is **DENIED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension

and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2015.

                                                s/ Lynn Adelman
                                                _____
                                                LYNN ADELMAN
                                                District Judge