# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TONY D. WALKER,

       **Plaintiff,**

       **v.**                             **Case No. 14-CV-3**

EDWARD F. WALL, et al.,

       **Defendants.**

---

## DECISION AND ORDER

The <u>pro se</u> plaintiff, Tony D. Walker, is currently incarcerated at Green Bay Correctional Institution. He filed a lawsuit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed <u>in forma pauperis</u> on his claims that defendants unlawfully detained him 382 days past his scheduled release date because they failed to apply jail credit from one of his sentences to the other. On September 17, 2015, I granted defendants' motion for summary judgment and dismissed the case. Now before me is plaintiff's motion for reconsideration of that decision, which he filed under Federal Rule of Civil Procedure 59(e).

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." <u>Obriecht v. Raemisch</u>, 517 F.3d 489, 494 (7th Cir. 2008) (<u>citing</u> <u>Sigsworth v. City of Aurora</u>, 487 F.3d 506, 511-12 (7th Cir. 2007)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" <u>Oto v. Metropolitan Life Ins. Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Having reviewed the plaintiff's motion, I conclude that he has not

demonstrated that the standards of Rule 59(e) have been satisfied.  Therefore, his motion

for reconsideration will be denied.

Accordingly, **IT IS ORDERED** that plaintiff's motion for reconsideration (Docket #84)

is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2015.


s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

2